SUTTON, J.,
concurring.
I join Judge Guy’s well-reasoned opinion in full and write separately to point out one unusual feature of this case. In contrast to most mistaken-identity cases, Flemister tried to solve this problem on his own. Rather than being picked up by the police on the basis of a mistaken arrest warrant, Flemister went to the poliee station to explain the problem, and only then did the police arrest him.
That is not how these cases usually arise. More often than not, the police take someone into custody after a stop of the individual (for, say, a speeding violation) and after the police then learn of an outstanding arrest warrant in the individual’s name. At that point, one can understand why the police might give short shrift to a suspect’s protestations of innocence. It is less obvious why the police should think that an individual who presents himself to the police to clear up a mistaken-identity arrest warrant does not in fact suffer from a case of mistaken identity.
Future courts, to say nothing of the police, may wish to consider the distinction. The distinction makes no difference *622 here due to the brevity of Flemister’s initial confinement, the reality that he offered the defendants no opportunity to correct the mistake at his arraignment and the reality that no cases cited by Flemister (or found by us) have drawn this distinction (which would undermine his claim at step two of the qualified immunity analysis).